IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN KUSLITS,

                          Plaintiff,

     v.

KAREN KLOTH, PAULA STOUDT
and REED RICHARDSON,

                          Defendants.

OPINION and ORDER

15-cv-413-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner John Kuslits brought this lawsuit against three officials at the Stanley Correctional Institution, claiming that they disciplined him in retaliation for exercising his right to free speech, in violation of the First Amendment to the United States Constitution. Plaintiff ably litigated his own case through discovery and dispositive motions. I granted defendants' motion for summary judgment because I concluded that the undisputed evidence showed that they were entitled to judgment as a matter of law, and that plaintiff would not be able to establish one or more necessary elements of his claim at trial. Dkt. #47.

      Now before the court is plaintiff's motion to reconsider that decision. Dkt. #50. After reviewing and considering the motion, I conclude that plaintiff has not shown that the court made any error or that he is entitled to any further relief under the Federal Rules of Civil Procedure. Therefore, I will deny his motion for reconsideration.

1

OPINION

A party may file a motion for "reconsideration" under Federal Rule of Civil Procedure 59(e) (to alter or amend a judgment) or Rule 60 (relief from a judgment or order). Plaintiff does not identify any newly discovered evidence, oversight, misconduct or inadvertent mistake of the kind that would typically be governed by Rule 60. Rather, his motion is more naturally considered under Rule 59(e), because plaintiff argues that the court improperly resolved disputed facts or otherwise got the summary judgment standard and legal analysis wrong.

"Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. . . . The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) (citations omitted). Therefore, "[t]o prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." Blue v. Hartford Life & Accident Insurance Co., 698 F.3d 587, 598 (7th Cir. 2012) (internal quotation and citation omitted). As noted, plaintiff does not identify any newly discovered evidence, so he relies on the first option. "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure

to recognize controlling precedent." Oto v. Metropolitan Life Insurance Co., 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation and citation omitted).

Plaintiff contends that the court erred in holding both that his speech at issue in the case was not protected by the First Amendment and that he suffered no injury likely to deter First Amendment activity in the future. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009) (setting forth standard for First Amendment retaliation claim). In particular, plaintiff argues that the court was wrong to reach the conclusion it did because there were disputed facts in this case, including disputes about what exactly plaintiff said and how he said it.

Plaintiff is correct that "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, that does not mean that the court must accept the conclusions of law that plaintiff draws from those facts and inferences. To the contrary, the question whether certain kinds of activity are protected by the First Amendment is a legal determination that is properly the court's to make. Watkins v. Kasper, 599 F.3d 791, 797, 799 (7th Cir. 2010). Thus, plaintiff's repeated assertion that he was engaged in protected speech is not "evidence" that the court can accept.

In the opinion and order granting defendants' motion for summary judgment, I acknowledged that there were disputed facts in this case, especially regarding what words plaintiff spoke and how he spoke them. Dkt. #47, at 3-4, 7-8. However, I simply concluded that those factual disputes were not material because they did not change the legal analysis one way or the other.

Plaintiff admits that, after defendant and correctional officer Kloth told another inmate to stop using one of the day room microwaves because they were closed to workers at that time, plaintiff told defendant Kloth that the microwaves were "open to workers, they are open to all, just [be]cause you're here, they are not open." (For purposes of summary judgment, I accepted as true plaintiff's testimony that he did not also tell defendant Kloth "you don't belong here, you need to go," as she said he did.) Plaintiff also denies that he spoke loudly, obscenely, sarcastically or disrespectfully, but as I explained in my opinion, even if I accept plaintiff's testimony as true, the undisputed facts still show that plaintiff spoke up and contradicted an officer who had just given an order, that he did so in front of other inmates and that this caused something of a disturbance. Id. at 7-8. In fact, plaintiff acknowledged and other witnesses confirmed that he did this. Under Seventh Circuit precedent that is binding on this court, that kind of speech is unprotected as a matter of law. Watkins, 599 F.3d at 797 ("Because Watkins's public challenge to Kasper's directives was inconsistent with [Kasper's] legitimate interests in discipline and library administration, this speech is unprotected as a matter of law under Turner.") (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).

Plaintiff's objections that his speech did not cause any major disruptions to the normal operations of the prison do not change this. Moreover, I did not decide that "inmates have no free speech no matter how consistent with [their] status as a prisoner," as plaintiff states. Dkt. #50, at 2. To the contrary, I noted explicitly that plaintiff was free to speak in other ways, including expressing his disagreement by filing a grievance or

4

speaking with defendant Kloth (or another official) privately. Dkt. #47, at 8. Plaintiff has never submitted any evidence that he was prevented from doing so, or explained why publicly contradicting defendant Kloth in front of other inmates was the only "speech" option he could pursue or was interested in pursuing. All I told plaintiff was that "openly challenging [an officer's] directives in front of other prisoner[s]," Watkins, 599 F.3d at 797, was not protected speech under the First Amendment.

Further, as I explained in the opinion, I am not persuaded that a mere reprimand alone, without further evidence of actual harm, is enough of an injury to deter an ordinary prisoner from exercising legitimate First Amendment activity in the future. Id. at 9. I have found no case law suggesting that it is. However, I need not analyze that issue again. If the speech at issue in this case was not constitutionally protected, then the first element of plaintiff's retaliation claim is not satisfied, and I need not address the other elements.

Plaintiff's motion for reconsideration fails to identify a manifest error of law or fact. In particular, plaintiff fails to demonstrate that, in holding that plaintiff's speech was not protected, the court disregarded, misconstrued or otherwise failed to properly apply controlling precedent. Accordingly, I will deny his motion.

ORDER

IT IS ORDERED that plaintiff John Kuslits's motion for reconsideration, dkt. #50, is DENIED.

Entered this 26th day of May, 2017.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge